BURKE, Judge.
The State of Alabama appeals the circuit court’s decision to grant Tommy Lee Rutledge’s petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim, P;, in which he attacked his sentence of life imprisonment without the possibility of parole imposed for his 1995 capital-murder conviction. This: Court affirmed Rutledge’s conviction and sentence in Rutledge v. State, 680 So.2d 997 (Ala.Crim.App.1996). The Alabama Supreme Court denied Rutledge’s petition for a writ of cer-tiorari on July 12, 1996, and this Court issued a certificate of judgment' on the same day.
Rutledge, through counsel, filed the instant Rule 32 petition on Juñe 13, 2013. In his petition, Rutledge argued that because he was 17 years old[1] at the time of *463 the offense, his mandatory sentence of life imprisonment without the possibility of parole for his capital-murder conviction is unconstitutional. Specifically, he argued that the United States Supreme Court’s recent opinion in Miller v. Alabama, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), in which the Supreme Court held unconstitutional a statutory sentencing scheme mandating a sentence of life imprisonment 'without the possibility of parole for juvenile offenders, requires that he' be given a new sentencing hearing.
The State filed a motion to dismiss Rutledge’s petition on July 9, 2013, arguing that Rutledge’s. claim was precluded .by Rules 32.2(a)(3) and (5), and that Miller does not apply retroactively to cases : on collateral review. On July 10, 2013, Rutledge filed a reply to the State’s motion to dismiss, in which he argued that Miller does apply retroactively on collateral review and that his petition was not procedurally barred under Rule'32.2. The circuit court granted Rutledge’s petition ánd ordered that he receive a new sentencing hearing.
The facts in this case are not in dispute, and the question before this Court on appeal — whether the rule announced in Miller is retroactive — is a purely-legal one. Therefore, we apply a de novo standard of review. See Acra v. State, 105 So.3d 460, 464 (Ala.Crim.App.2012).
On appeal, the State reasserts the claims from its motion to dismiss and again argues that Rutledge’s claim was precluded by Rules 32.2(a)(3) and (a)(5), and that Miller does not apply retroactively to cases on collateral review.
In Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), this Court addressed and rejected the same arguments made by Rutledge in his Rule 32 petition. Specifically, this Court held in Williams (1) that a postconviction claim that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile is unconstitutional under Miller .is not a valid ground for postconviction .relief under Rule 32.1(b) or Rule 32.1(c), but is a constitutional claim properly raised only under Rule 32.1(a); and (2) that Miller does not apply retroactively to cases on collateral review. 183 So.3d at 213.
Under this Court’s holding in Williams, Rutledge was not entitled to relief on his challenge to his sentence of life imprisonment without the possibility of parole.
For the reasons stated above, the circuit court erred in finding that Rutledge was entitled to be resentenced under Miller. Accordingly, we reverse the circuit court’s judgment and remand this case to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER,-JJ., concur.

. In Rutledge v. State, 680 So.2d 997 (Ala.Crim.App.1996), this Court 'stated that Rut *463 ledge was 18 at the time of his offense. However, the State concedes that Rutledge was only 17 at the time he committed the murder. (State’s brief, at 3, n. 6.)